UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
INGRID TORRES, DORA MARTINEZ, and
JESSICA ADAMS, on behalf of
themselves, their families and all
others similarly situated,

                Plaintiffs,

                                    MEMORANDUM & ORDER
    -against-                      12-CV-3603(JS)(WDW)

GREGORY BLASS, Commissioner of the
Suffolk County Department of
Social Services,

                Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:      Laura Francine Redman, Esq.
                      Marc Cohan, Esq.
                      Petra T. Tasheff, Esq.
                      National Center for Law & Economic Justice
                      275 Seventh Avenue, Suite 1506
                      New York, NY 10001

                      Linda Hassberg, Esq.
                      Empire Justice Center
                      Touro Law PAC
                      225 Eastview Drive, Room 222
                      Central Islip, NY 11722

For Defendant:      Leonard G. Kapsalis, Esq.
                      Christopher M. Gatto, Esq.
                      Suffolk County Attorney's Office
                      100 Veterans Memorial Highway
                      P.O. Box 6100
                      Hauppauge, NY 11788

SEYBERT, District Judge:

        Currently pending before the Court is plaintiff class members' ("Plaintiffs") motion for attorneys' fees pursuant to

42 U.S.C. § 1988 ("Section 1988"). For the following reasons, Plaintiffs' motion is GRANTED.

BACKGROUND

Plaintiffs commenced this action against defendant Gregory Blass, as Commissioner of the Suffolk County Department of Social Services ("Defendant") on July 19, 2012 seeking declaratory relief and enjoining Defendant from terminating Plaintiffs' child care benefits without proper notice. That same day, Judge Joseph F. Bianco held a hearing on Plaintiffs' motion for a temporary restraining order. (See Docket Entry 7.) Judge Bianco set a hearing on the motion for preliminary injunctive relief, which took place before this Court on July 26, 2012. (See Docket Entry 16.)

Ultimately, the Court determined that Defendant had not provided constitutionally adequate notice to Plaintiffs regarding the termination of child care benefits and, accordingly, granted Plaintiffs a preliminary injunction. (See Docket Entry 16.) The Court further ordered that a proposed notice form be filed by July 30, 2012. (See Docket Entry 16.)

Defendant complied with the Court's Order and, upon receipt of objections from Plaintiffs, the parties successfully negotiated the terms of a proposed notice. On August 6, 2012, during a telephonic conference, the Court approved the Notice

and Addendum, which provided Plaintiffs' their requested relief. (See Docket Entry 24.)

The parties then engaged in settlement negotiations to resolve the remaining issues, culminating in a Stipulation and Order of Settlement filed on November 29, 2012. (See Docket Entry 25.) Thereafter, on January 31, 2013, the Court held a hearing to address any outstanding issues regarding settlement and Court approval thereof. At that time, the Court certified the class, defined as:

> all individuals who: (a) received child care services in Suffolk County through the New York State Child Care Block grant program as of June 26, 2012 and (b) were mailed OCFS-LDSS-4782 "Notice of Intent to Discontinue Child Care Benefits" discontinuing their child care benefits on or about June 26, 2012.

(Docket Entry 29.) On March 18, 2013, the Court held a fairness hearing, approved the settlement agreement, and "So Ordered" the Stipulation and Order of Settlement. (See Docket Entries 36-38.)

## DISCUSSION

Plaintiffs now seek attorneys' fees as a prevailing party under Section 1988. Defendant does not dispute that Plaintiffs are the prevailing party but asserts that Plaintiffs seek fees for excessive and unreasonable hours and rates. (Def.'s Opp. Br., Docket Entry 44, at 1.) Thus, the only issue

3

is the appropriate amount of attorneys' fees. (See Def.'s Br. at 1.) The Court will first set forth the general framework for deciding attorneys' fees motions before addressing Plaintiffs' motion more specifically.

I. Legal Framework

"Attorney's fees must be reasonable in terms of the circumstances of the particular case . . . ." Alderman v. Pan Am. World Airways, 169 F.3d 99, 102 (2d Cir. 1999). In determining what fees are "reasonable," the Court should "first calculate the 'lodestar--the product of a reasonably hourly rate and the reasonable number of hours required by the case,' which the Second Circuit calls the 'presumptively reasonable fee.'" Short v. Manhattan Apartments, Inc., 286 F.R.D. 248, 255 (S.D.N.Y. 2012) (quoting Millea v. Metro-N. R.R. Co., 658 F.3d 154, 166 (2d Cir. 2011)). The Court may then "adjust the lodestar when it 'does not adequately take into account a factor that may properly be considered in determining a reasonable fee.'" Millea, 658 F.3d at 167 (quoting Perdue v. Kenny A. ex rel. Winn, 559 U.S. 542, 130 S. Ct. 1662, 1673, 176 L. Ed. 2d 494 (2010)). This calculation "boils down to what a reasonable, paying client would be willing to pay, given that such a party wishes to spend the minimum necessary to litigate the case effectively." Simmons v. N.Y.C. Transit Auth., 575 F.3d 170, 174 (2d Cir. 2009) (internal quotation marks and citation

omitted). "Because attorney's fees are dependent on the unique facts of each case, the resolution of this issue is committed to the discretion of the district court." Clarke v. Frank, 960 F.2d 1146, 1153 (2d Cir. 1992).

II. Number of Hours

In calculating the number of "reasonable hours," the Court must look to its own familiarity with the case and its experiences generally as well as to any evidentiary submissions and arguments made by the parties. See id. The main issue is "whether, at the time the work was performed, a reasonable attorney would have engaged in similar time expenditures." Grant v. Martinez, 973 F.2d 96, 99 (2d Cir. 1992). Thus, a court should "exclude hours that were excessive, redundant, or otherwise unnecessary to the litigation . . . ." Cho v. Koam Med. Servs. P.C., 524 F. Supp. 2d 202, 209 (E.D.N.Y. 2007) (internal quotation marks and citation omitted).

Defendant maintains that the case was overstaffed and involved a relatively simple issue that Plaintiffs' counsel has essentially previously litigated. (Def.'s Opp. Br. at 4-8.) The Court disagrees. While it is true that this action involved a number of attorneys, Plaintiffs correctly note that a majority of those hours are attributable primarily to two attorneys. (Redman Decl., Docket Entry 47, ¶ 11.) Staffing based upon a hierarchy of experiences is reasonable, and a review of the time

5

records in this case reveals that the allocation of work was not excessive. See Dowdell v. Imhof, No. 10-CV-1332, 2012 WL 959474, at *4 (E.D.N.Y. Mar. 19, 2012) ("On balance, this approach [of staffing the case based upon specific knowledge or expertise] appears to be more efficient than having several less experienced attorneys take the time to educate themselves about unfamiliar subject matter."). Moreover, the Court does not agree that this case involved a "simple legal issue," which required little litigation. (Def.'s Opp. Br. at 4.) This was a class action which involved a case-specific inquiry into whether the particular notice at issue here was constitutionally adequate. It included Plaintiffs' successful motion for a preliminary injunction, negotiations regarding a constitutionally adequate notice, and hearings regarding class action certification. Accordingly, the Court finds that the number of hours outlined in Plaintiffs' request is reasonable.

III. Hourly Rates

In determining the reasonable hourly rate, the Court must look to those rates "prevailing in the community for similar services by lawyers of reasonably comparable skill, experience, and reputation." Luciano v. Olsten Corp., 109 F.3d 111, 115 (2d Cir. 1997) (quoting Blum v. Stenson, 465 U.S. 886, 896 n.11, 104 S. Ct. 1541, 79 L. Ed. 2d 891 (1984)) (internal quotation marks omitted). The relevant "community" for the

purposes of this analysis is "the district in which the court sits." Polk v. N.Y. State Dep't of Corr. Servs., 722 F.2d 23, 25 (2d Cir. 1983).

Here, Plaintiffs seek $375-$400 per hour for attorneys with twenty-one to thirty-seven years of experience, $175-$250 per hour for attorneys with five to nine years of experience, and $100 per hour for paralegals, law school graduates, and legal interns. (See Pl.'s Br., Docket Entry 40, at 12-14.) Courts in the Eastern District of New York have determined reasonable hourly rates to be "approximately $300-450 per hour for partners, $200-300 per hour for senior associates, and $100-200 per hour for junior associates." Hugee v. Kimso Apartments, L.L.C., 852 F. Supp. 2d 281, 298-99 (E.D.N.Y. 2012) (internal quotation marks and citation omitted); accord Cadles of Grassy Meadows II, L.L.C. v. St. Clair, No. 10-CV-1672, 2012 WL 6617448, at *2 (E.D.N.Y. Dec. 18, 2012) (collecting cases). The same general principles apply to nonprofit legal aid organizations. See Dowdell, 2012 WL 959474, at *3 (quoting NLRB v. Local 3 Int'l Bd. of Elec. Workers, 471 F.3d 399, 406 (2d Cir. 2006)).

Defendant argues that Plaintiffs' requested rates are excessive. With the exception of the rates for paralegals and interns, the Court disagrees. Plaintiffs' requests of $400 per hour for attorneys Hetherington, Cohan, Tasheff, Antos, and

Mannix are reasonable.  Each of these attorneys has over thirty years of experience.  Mr. Cohan has been the Director of Litigation at the National Center for Law and Economic Justice ("NCLEJ") since 1996 and has extensive experience in litigating class action civil rights litigation.  (See Cohan Decl. Ex. I.)  Similarly, Ms. Mannix has been a Program Director and/or Senior Attorney at NCLEJ since 1997 and also has significant experience in litigating such actions.  (See Cohan Decl. Ex. J.)  Ms. Tasheff is a Senior Attorney at NCLEJ, where she has been involved in civil rights actions throughout the country.  Prior to joining NCLEJ in 2004, her legal experience includes working as General Counsel for Litigation for Citigroup, Inc. and as Senior Trial Counsel for the United States Securities and Exchange Commission.  (See Cohan Decl. Ex. K.)  Mr. Hetherington has been the Chief Counsel of the Empire Justice Center since 2004 and his résumé includes a long history of litigating in the public interest arena.  (See Hertherington Decl., Docket Entry 39-14, Ex. B.)  Ms. Antos is a Senior Staff Attorney at the Empire Justice Center, where she has worked since 1989.  (Hertherington Decl. Ex. C.)  Thus, given the level of experience that each of these attorneys possess, the Court finds that the requested rates are reasonable.

Plaintiffs also seek $375 per hour for Laura Hassberg, Esq., $250 per hour for Laura Redman, Esq., and $175 per hour

for Clarion Johnson, Esq. (See Cohan Decl. ¶ 32; Redman Decl. ¶¶ 39-40.) Defendant does not dispute that Ms. Redman's requested fee is reasonable. (Def.'s Opp. Br. at 10.) Moreover, Ms. Hassberg has been in practice since 1992 and has worked for the Empire Justice Center for approximately six years. (Hertherington Decl. Ex. A.) As to Mr. Johnson, his résumé, which was submitted as part of Plaintiffs' reply documents, reveals that he graduated from Howard University School of Law in 2007, has worked for Wilmer Cutler Pickering Hale & Dorr LLP, and completed a "WilmerHale Pickering Fellowship" with the NCLEJ. (Redman Decl. Ex. C.) Each of the suggested rates for these attorneys is fully in line with Eastern District precedent, and the Court also finds that these requests are reasonable.

Finally, Plaintiffs seek $100 per hour for each of three legal interns and one legal assistant. (See Redman Decl. ¶ 42, Ex. D.) This rate is at the very high end of what courts in this District have awarded to interns and paralegals. See Gesualdi v. Tapia Trucking LLC, No. 11-CV-4174, 2013 WL 831134, at *2 (E.D.N.Y. Mar. 6, 2013) ("As for the paralegals' hourly rate, the Magistrate Judge correctly reduced the hourly rate, because $100 per hour is either at the top or in excess of the hourly rate generally approved in this district."). The Court finds that Ms. Keshner's work as a paralegal and in

9

communicating with the large number of Spanish-speaking class members justifies a rate at the high end of the spectrum. However, although the Court does not doubt that "the legal interns possessed high level skills needed for complex constitutional research" (Redman Decl. ¶ 42), courts have generally awarded between $75 and $85 per hour for paralegals and interns. See Cuevas v. Ruby Enters. of N.Y., No. 10-CV-5257 (JS)(WDW), 2013 WL 3057715, at *3 (E.D.N.Y. June 17, 2013) (collecting cases); see also Dowdell, 2012 WL 959474, at *2-3 (awarding $85 per hour for the work of legal assistants and interns). Accordingly, the Court adjusts the rate for interns Collister, Decker, and Luo to $85 per hour for a total of $6,019.70.[1]

IV. Travel, Costs, and Expenses

Plaintiffs also seek $5,239.50[2] in travel fees and $1,001.82 in costs. (Redman Decl. ¶ 43, Ex. D.) As to travel time, Plaintiffs have appropriately reduced the amount of requested travel fees by fifty percent. See Hugee, 852 F. Supp.

---

[1] The Court used the figures stated in Plaintiffs' Adjusted Recoverable Fee Totals. (Redman Decl. Ex. D.) Accordingly, the Court took the figures for Collister (50.08 hours), Decker (9.59 hours), and Luo (11.15 hours), multiplied each by $85 per hour, and added the totals for a total of $6,019.70.

[2] Although Plaintiffs' Adjusted Recoverable Fee Totals include $2,281.25 in travel fees for the Empire Justice Center and $5,239.50 in travel fees for the NCLEJ, they request only $5,239.50 in overall travel fees. (See Redman Decl. Ex. D.)

10

2d at 302 (reducing travel time by fifty percent); Toussie v. Cnty. of Suffolk, No. 01-CV-6716 (JS)(ARL), 2012 WL 3860760, at *7 (E.D.N.Y. Sept. 6, 2012) (same). As to costs, Plaintiffs seek reimbursement for expenses related to the filing fee and conference calls. Such requests are appropriate. See Gray v. Toyota Motor Sales, U.S.A., Inc., No. 10-CV-3081 (JS)(ETB), 2013 WL 3766530, at *6 (E.D.N.Y. July 16, 2013) (awarding costs for printing, postage, and discovery vendor expenses). Accordingly, the Court GRANTS Plaintiffs $5,239.50 in travel expenses and $1,001.82 in costs.

## CONCLUSION

For the foregoing reasons, Plaintiffs' motion for attorneys' fees is GRANTED as modified above. Specifically, Plaintiffs are awarded $165,715.20 in fees, $5,239.50 in travel expenses, and $1,001.82 in costs for a total of $171,956.52.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: November  18 , 2013
       Central Islip, NY